UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-61142-CIV-COHN

KIMBERLY ZAFFRULLAH and
ERIC ZAFFRULLAH,

Magistrate Judge Seltzer

    Plaintiffs,

vs.

COUNTRYWIDE HOME LOANS, INC. and
RE ANALYSTS INC.,

    Defendants.
_____/

## FINAL ORDER OF DISMISSAL
## ORDER DENYING MOTION FOR SANCTIONS

**THIS CAUSE** is before the Court upon Countrywide's Motion to Dismiss [DE 12], Countrywide's Supplemental Motion to Dismiss Count VIII [DE 20], Countywide's Motion for Sanctions [DE 23] and Plaintiffs' Second Motion for Enlargement of Time to Respond to Motion to Dismiss [DE 34]. The Court has carefully considered these motions, along with Plaintiffs' Response to the Motion for Sanctions [DE 28] and Countrywide's reply thereto [DE 29], and is otherwise fully advised in the premises.

### I.  BACKGROUND

Plaintiffs Kimberly Zaffrullah and Eric Zaffrullah ("Plaintiffs") filed an eleven (11) count complaint in state court alleging various violations of state and federal law. Defendants Countrywide Home Loans, Inc., Centex Corporation and CTX Mortgage removed this action on the basis of federal question jurisdiction. Defendants Centex and CTX have since been dismissed from this action [DE 14/17]. There is no evidence in the record that the fourth Defendant, RE Analyst, Inc. has ever been served.

On or about March 31, 2006, Plaintiffs entered into a pre-construction contract to

purchase real estate from Centex for $311,000.  On February 12, 2007, Plaintiffs closed on a mortgage loan for a principal amount of $279,900 through Centex's subsidiary, CTX Mortgage.  Plaintiffs allege that "CTX Mortgage and their agents fraudulently increased and grossly overstated" Plaintffs' income, leading Plaintffs to qualify for a higher loan than their verifiable income could support.  Complaint, ¶ 32.  CTX allegedly led the Plaintiffs to believe that their mortgage would be for a fixed rate, when in fact at closing they were presented with a variable rate mortgage.  Plaintiffs allege they were rushed through the closing, but after they raised questions, "were then informed what the new, onerous terms of the loan were."  Compl., ¶ 38.  Plaintiffs "were threatened" that if they did not accept the new terms right away, they would lose their deposit and be liable for fees and transaction costs.  Id., ¶ 39.  Plaintiffs allege they did not timely receive a Good Faith Estimate, a copy of the lock-in agreement, a HUD-1 closing form, and other documents.  Id., ¶ 40.

Plaintiffs allege that "Countrywide was always intended to fund and control the Mortgage Loan."  Id., ¶ 44.  However, the mortgage documents that are referenced in the Complaint (and attached to the Motion to Dismiss) do not include Countrywide as a party to the closing transaction.  Plaintiffs allege that "Countrywide was forward sold the Mortgage Loan by Centex."  Id., ¶ 45.  Countrywide admits that it serviced the loan after the closing.

Based upon these and other allegations, not all of which are relevant to the transaction at issue in this case (see ¶¶ 10-28), Plaintiffs' Complaint includes claims for breach of fiduciary duty (Count I), fraud (Count II), conspiracy to defraud (Count III), breach of implied covenant of good faith and fair dealing (Count IV), violations of the

Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") (Count V), the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA") (Count VI), Lack of Standing (Count VII), violations of Florida Statutes -- Pattern of Criminal Activity (i.e. state RICO) (Count VIII), and negligence (Count IX).  Countrywide has moved to dismiss all claims, and moved for sanctions for the filing of a frivolous complaint.[1]

## II.  DISCUSSION

Countrywide asserts that Plaintiffs only re-filed this complaint to delay foreclosure on their home,[2] pointing out that numerous complaints similar to the one in this action have been filed in this District, many of which have been dismissed.  The Court has reviewed some of these cases and confirmed some of Countrywide's allegations, though there are a few factual differences with the other cases.  See <u>Laine v. Equifirst Mortgage</u>, Case No. 08-61981-CIV-AJ [DE 31] (dismissed July 9, 2009); <u>Bien-Aime v. EMC Mortgage Corp.</u>, Case No. 08-61995-CIV-AJ [DE 28] (dismissed July 8, 2009); <u>Vixamar v. Citi Residential Lending, Inc.</u>, Case No. 08-23427-AJ [DE 18]

---

[1] Plaintiffs did not respond to the motion to dismiss after receiving an extension of time until September 17, 2009 to do so [DE 17].  In fact, Plaintiffs voluntarily dismissed Centex and CTX within two days of obtaining an extension to respond to Countrywide's motion [DE 14].  After not receiving a response at the extended deadline, and upon Countrywide's filing of a motion for sanctions for the filing of frivolous claims, the Court mistakenly assumed that Plaintiffs had withdrawn all of their claims.  Only upon receipt of Plaintiffs' Objections to Countrywide's Notice of Supplemental Authority on February 1, 2010, did the Court realize that Plaintiff had not abandoned their claims.  Plaintiff now moves, four **months** later, for another five day enlargement of time to respond to the motion to dismiss.  That opportunity has long since passed, and Plaintiffs have failed to meet their burden for excusable neglect. See <u>Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship</u>, 507 U.S. 380, 395 (1993).

[2] Plaintiffs initially filed this action against Countrywide and numerous "Doe" defendants, but dismissed their own complaint in response to Defendant's motion to dismiss.  Case No. 09-60031-CIV.

(dismissed July 8, 2009); Retani v. Aurora Loan Services LLC, et al., Case No. 08-23447-AJ (dismissed July 8, 2009); Alvarez v. Countrywide Home Loans, Inc. et al., Case No. 08-23505-AJ [DE 17] (dismissed July 8, 2009); Quintana v. Countrywide Home Loans, Case No. 09-20427-CMA [DE 26]; Infante v. Bank of America Corp., Case No. 09-21586-CIV-ASG [DE 38] (dismissed December 18, 2009).

### A.  Motion to Dismiss Standard

Until the Supreme Court decision in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), courts routinely followed the rule that, "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Marsh v. Butler County, 268 F.3d 1014, 1022 (11th Cir. 2001).  However, pursuant to Twombly, to survive a motion to dismiss, a complaint must now contain factual allegations which are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  550 U.S. at 555.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id.  Taking the facts as true, a court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action."  Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).  In Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009),

4

the Supreme Court further stated that a court need not accept legal conclusions as true, but only well-pleaded factual allegations are entitled to an assumption of truth.

### B.  Breach of Fiduciary Duty

Countrywide asserts that Plaintiffs have failed to state such a claim because the parties engaged in an arms length transaction.  The "elements of a claim for breach of fiduciary duty are: the existence of a fiduciary duty, and the breach of that duty such that it is the proximate cause of the Plaintiff's damage."  Gracey v. Eaker, 837 So.2d 348, 353 (Fla. 2002).  These duties have been found in the context of a mental health therapist and patient, physician and patient, corporate officer to corporation, or a bank disclosing sensitive documents to a third party.  Id.  In Lanz v. Resolution Trust Corp., 764 F.Supp. 176, 179 (S.D.Fla. 1991), the court concluded that absent evidence that a creditor recognized, accepted or undertook the duties of a fiduciary, such a relationship would not be presumed.  See Taylor Woodrow Homes v. 4/46-A Corp., 850 So.2d 536, 540-41 (Fla.Dist.Ct.App. 2003) (an arms-length transaction in which allegations of superior knowledge were deemed insufficient to create a fiduciary duty).  There are no allegations that Countrywide undertook any duties of a fiduciary to Plaintiffs until after the closing of the loan, if then.

### C.  Fraud

Defendants argue that Plaintiffs have failed to state a claim for fraud.  The elements of a fraud claim include: "(1) a false statement concerning a material fact; (2) the representor's knowledge that the representation is false; (3) an intention that the representation induce another to act on it; and (4) consequent injury by the party acting in reliance on the representation."  Johnson v. Davis, 480 So.2d 625, 627 (Fla. 1985).

Moreover, Rule 9(b) of the Federal Rules of Civil Procedure provides that "[i]n all averments of fraud . . . the circumstances constituting fraud . . . shall be stated with particularity." Fed. R. Civ. P. 9(b). The particularity requirement of Rule 9(b) serves an important purpose in fraud actions by "alerting defendants to the precise misconduct with which they are charged and protecting spurious charges of immoral and fraudulent behavior." Ziemba v. Cascade Int'l, Inc., 256 F.3d 1194, 1202 (11th Cir. 2001) (internal quotation marks omitted). Defendant correctly points out that Plaintiffs have failed to allege who made the alleged false statement and when that statement was made.

In addition, even if the allegations regarding the false statement were properly made, the mispresentations allegedly made by Countrywide (Compl., ¶61a & b) refer to an overstatement of the amount of Plaintiffs' income on the application documents. The Plaintiffs presumably knew their income had declined in the year prior to closing so they could not reasonably rely upon a misstatement of their income. The Court concludes that Plaintiffs have failed to state a claim against Countrywide for fraud.

### D.  Conspiracy to Defraud

Defendant asserts that Plaintiffs have also failed to state a claim for conspiracy. "To state a claim for civil conspiracy under Florida law, a plaintiff must allege: (1) an agreement among two or more parties; (2) the doing of an unlawful act or a lawful act by unlawful means; (3) the doing of some overt act in pursuance of the conspiracy; and (4) damage to the plaintiff as a result of the acts done under the conspiracy. Haskin v. R.J. Reynolds Tobacco Company, 995 F.Supp. 1437, 1440 (M.D.Fla. 1998) (quoting Florida Fern Growers Ass'n v. Concerned Citizens of Putnam County, 616 So.2d 562, 565 (Fla. Dist. Ct. App. 1993)). The Complaint appears to allege that the unlawful acts

of Countrywide in this case are:  (1) encouraging its agents to breach their fiduciary duty to borrowers (Plaintiffs); (2) manipulating the value of appraisals; and (3) manipulating the Plaintiffs' income on the Mortgage Application.  Compl, ¶¶ 73-75.

The Court has already determined that their could not be a breach of fiduciary duty in Section II.B.  As for the appraisals, the Complaint itself acknowledges that the appraisal was performed by RE Analysts for the benefit of Countrywide, not Plaintiffs.  Countrywide owed no duty to Plaintiffs regarding the appraisal.  Finally, as to the overstatement of Plaintiffs' income, as noted above, the Plaintiffs presumably knew their income had declined in the year prior to closing so they could not reasonably rely upon an alleged misstatement of their income.   Plaintiffs have therefore failed to state a claim for the underlying "unlawful" acts allegedly part of their conspiracy claim.

### E.  Breach of the Implied Covenant of Good Faith and Fair Dealing

Defendant argues that Plaintiff cannot maintain this claim because "a claim for a breach of the implied covenant of good faith and fair dealing cannot be maintained under Florida law in the absence of a breach of an express term of a contract.  Centurion Air Cargo, Inc. v. United Parcel Service Co., 420 F.3d 1146, 1152 (11th Cir. 2005).  Plaintiff has not alleged a breach of an express term of the contract.  This claim is also subject to dismissal.

### F.  FDUTPA Claim

Under Florida law, a claim for damages under FDUTPA requires the Plaintiff to allege the following three elements: "(1) a deceptive act or unfair practice; (2) causation; and (3) actual damages."  City First Mortgage Corp. v. Barton, 988 So. 2d

82, 86 (Fla. Dist. Ct. App. 2008) (quoting Rollins, Inc. v. Butland, 951 So. 2d 860, 869 (Fla. Dist. Ct. App. 2006), rev. den., 962 So. 2d 335 (Fla. 2007)).  Defendant argues that Plaintiff cannot maintain this claim for "a pattern of false, deceptive, and misleading representations," because it is conclusory and unsupported.  Compl, ¶ 86.  In addition, Defendant asserts that to the extent this claim is based upon a "bait and switch" of loan terms at closing, the claim fails because all terms and conditions were disclosed in the final loan documents signed and agreed to by Plaintiffs at closing.  TRG Night Hawk Ltd. v. Registry Development Corp., 17 So.3d 782, 784 (Fla. Dist. Ct. App. 2009).  This Court agrees that a party that signs a contract whose terms contradict the alleged misrepresentations on which he relied is barred from seeking relief pursuant to FDUTPA, as the party did not reasonably rely on the misprepresentation.  The FDUTPA claim is therefore dismissed.

### G.  FIRREA Valuation Fraud

In Count VI, Plaintiff alleges valuation fraud in the appraisal for the property.  However, as plead (Compl. ¶¶90-93), it does not appear to the Court that Countrywide is accused of violating the FIRREA.  Moreover, Defendant asserts that there is no private right of action on the FIRREA provision requiring the use of generally accepted appraisal standards.  For both reasons, this claim is dismissed as well.

### H.  Lack of Standing

Plaintiffs allege that Countrywide is not in possession of the note and underlying mortgage and therefore lacks standing to collect money.  Defendant correctly argues that this claim is really an affirmative defense to a foreclosure action and does not state a claim in the Amended Complaint.  This claim is therefore dismissed without prejudice

to being raised in any foreclosure action.

### I.  Florida RICO

Defendant moves to dismiss the RICO claim for failure to state a claim. Defendant also filed a supplemental motion to dismiss for the failure of Plaintiffs to file a RICO case statement.  The Court agrees with Defendant that the Complaint fails to plead the RICO elements with sufficient particularity.  Moreover, the Court may dismiss this claim for the failure of Plaintiffs to file a RICO case statement.

### J.  Negligence

Defendant moves to dismiss the negligence claim on the grounds that the Defendant lacks a duty to Plaintiffs in this arms-length transaction.  <u>Maxwell v. First United Bank</u>, 782 So.2d 931, 934 (Fla. Dist. Ct. App. 2001).  Plaintiffs allege in their complaint that Countrywide owed "a duty to employ competent mortgage brokering techniques."  Compl. ¶¶ 109, 111.  This Court agrees with Defendant that Plaintiffs have failed to plead a recognizable duty in what was an arms-length creditor/debtor relationship.  Therefore, the negligence claim is dismissed.

### K.   Truth in Lending Act

Plaintiffs allege that Countrywide violated the TILA by failing to deliver all material disclosures required by 15 U.S.C. § 1638(b)(1).  Compl. ¶ 117.  Plaintiffs seek compensatory damages in this claim.  Defendant correctly argues that there is a one year statute of limitations on TILA damages claims.  15 U.S.C. § 1640(e).  This action was clearly brought more than one year from the closing date of the loan (February 12, 2007).  The Court also agrees that Plaintiffs did not plead facts sufficient to justify

equitable tolling.[3]  Therefore, the TILA claim can be dismissed as well.

### L.  Rescission

Plaintiffs allege a claim for common law rescission, based upon allegations of false representations by Countrywide "and/or its agents."  Compl., ¶¶ 120-121.  Defendant moves to dismiss this claim because it is an equitable remedy that is available only when there is no adequate remedy at law.  Defendant argues that Plaintiffs have adequate legal remedies, even though they may fail to succeed.  Quintana v. Countrywide Home Loans, Case No. 09-20427-CIV-CMA at *19 [DE 26] (S.D. Fla. May 26, 2009) (citing Justice v. U.S., 6 F.3d 1474, 1482, n. 16).  The Court agrees with Judge Altonaga's analysis in Quintana that common-law rescission is not available to Plaintiffs in this action.

### M.  Motion for Sanctions

Defendants move for sanctions against Plaintiffs and Plaintiffs' counsel for bringing a frivolous action with the intent to delay valid foreclosure proceedings against them.  Plaintiffs oppose the motion, arguing that they have sound bases to bring this action.  Upon a review of the entire record in this case, the Court concludes that while the decision to impose sanctions in this action is a close call, the Court will deny the motion.  Although dismissal of all their claims is appropriate, Plaintiffs' complaint herein is not completely frivolous.

---

[3]  Defendant also argues that because Countrywide is only a servicer of the loan, and not referenced in the closing papers, it cannot be liable for any TILA disclosure errors.  Greene v. Benefit Mortgage Corp., 2009 WL 56056, Case No. 08-12968-Civ (E.D. Mich January 8, 2009).

10

III.  CONCLUSION

The Court concludes that all of Plaintiffs' claims should be dismissed, though the Court declines to grant Defendant's motion for sanctions.  Because Plaintiffs had previously brought similar claims in this Court, the dismissal is with prejudice.  The Court, in its discretion, declines to give Plaintiffs another opportunity to amend the complaint.  Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Countrywide's Motion to Dismiss [DE 12] is hereby **GRANTED**;

2. Countrywide's Supplemental Motion to Dismiss Count VIII [DE 20] is hereby **GRANTED**;

3. Countywide's Motion for Sanctions [DE 23] is hereby **DENIED**;

4. Plaintiffs' Second Motion for Enlargement of Time to Respond to Motion to Dismiss [DE 34] is hereby **DENIED**;

5. The claims are **DISMISSED with prejudice**;

6. The Clerk shall close this case and deny any other motions as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 8th day of February, 2010.

_____
JAMES I. COHN
United States District Judge

copies to:

counsel of record on CM/ECF

11